NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHANIE D. HOLLENBECK, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CAROLYN W. COLVIN, Commissioner of Social Security, <br><br> Defendant - Appellee. | No. 14-35763 <br><br> D.C. No. 3:13-cv-05722-RBL-JWL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted January 21, 2016 [**]

Before:     LEAVY, GRABER and OWENS, Circuit Judges.

Stephanie Hollenbeck appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for supplemental

security income under Title XVI of the Social Security Act.  At step five of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sequential evaluation process, the administrative law judge ("ALJ") determined that Hollenbeck could perform jobs existing in significant numbers in the national economy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The ALJ provided specific, clear, and convincing reasons for finding Hollenbeck's symptom testimony less than fully credible, including inconsistencies between Hollenbeck's testimony and the medical evidence, and inconsistencies between Hollenbeck's claims of debilitated functioning and contemporaneous reports of actual functioning. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007).

The ALJ provided germane reasons for discounting the lay opinions of Hollenbeck's mother and a social worker. *Molina*, 674 F.3d at 1114. The ALJ articulated the germane reason that Hollenbeck's mother may have contributed to Hollenbeck's view of herself as disabled. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). The ALJ articulated two germane reasons for discounting the opinion of the social worker: the opinion relied upon statements from Hollenbeck and her mother, and the opinion was inconsistent with the opinions of the psychologists who had concluded that Hollenbeck's limitations were mild to moderate. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

2

The report of examining autism expert Dr. Stephen Altabet, adopted by the ALJ, did not include any workplace limitations or restrictions for Hollenbeck. The ALJ reasonably considered Dr. Altabet's opinion, along with other objective medical evidence in the record, in formulating the residual functional capacity ("RFC"). Accordingly, the ALJ's RFC determination is supported by substantial evidence. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-76 (9th Cir. 2008); *see also Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1005-06 (9th Cir. 2015).

**AFFIRMED.**